CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

Attorney for Plaintiff
HB Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HB Productions, Inc., | ) | **Case No.: 1:19-cv-00487-JMS-KJM** |
| | ) | **(Copyright)** |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND |
| vs. | ) | AUTHORITIES IN SUPPORT OF |
| | ) | PLAINTIFF'S FIRST *EX PARTE* |
| | ) | MOTION FOR ORDER |
| Muhammad Faizan, et al., | ) | PERMITING CLERK TO |
| | ) | PERFORM FOREIGN MAILING |
| Defendants. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S FIRST *EX PARTE* MOTION FOR ORDER PERMITING CLERK TO PERFORM FOREIGN MAILING

**I.   INTRODUCTION**

As alleged by Plaintiff in the Complaint, Defendant Muhammad Faizan ("Faizan") is intentionally inducing and contributing to copyright infringement of Plaintiff's Copyright protected motion picture *Hellboy* in violation of the United

1

States Copyright Act, 17 U.S.C. 101 §§ et. seq. and committing false advertising in violation of the Lanham Act §43(a), 15 U.S.C. §1125(a) by promoting and distributing torrent files of Plaintiff's motion picture *Hellboy*. *See* Complaint [Doc. #1] at ¶2. Plaintiff seeks to have Defendant Faizan served promptly so that it can request injunctive relief.

## II.     LEGAL STANDARD

The United States is a contracting party and Pakistan is a member to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [last accessed on Sept. 11, 2019]. Article 10 of the Hague Convention states that "Provided the State of destination does not object, the present Convention shall not interfere with a) the freedom to send judicial documents, by postal channels, directly to persons abroad". Hague Convention, Art. 10. Pakistan has indicated that it does not oppose Article 10(a). Particularly, Pakistan states, "…it has no objection to such service by postal channels directly to the persons concerned (Article 10(a))…if such service is recognised by the law of the requesting State." Declaration/Reservation/Notification, https://www.hcch.net/en/states/authorities/notifications/?csid=436&disp=resdn (reprinted as Exhibit "1").

ORDER V (ISSUE AND SERVICE OF SUMMONS), 10 of the Civil Procedure Code of Pakistan states:

> 10. Service of the summons shall be made by delivering or tendering a copy thereof signed by the Judge or such officer, as he appoints in this behalf, and sealed with the seal of the Court.
> 2[10-A.-(1) simultaneously, with the issue of summons under rule 9, there shall be sent, unless to the defendant, by registered other copy of the summons provided in rule 10.
> (2) An acknowledgement purporting to be signed by the defendant of the receipt of the registered communication or an endorsement by a postal employee that the defendant refused to take delivery of the same shall be deemed by the Court issuing the summons to be prima facie proof of service of summons

Code of Civil Procedure of Pakistan [Civil Code], Order V, Paragraph 10 (relevant portion reprinted as Exhibit 2), Available at https://www.ma-law.org.pk/pdflaw/CODE%20OF%20CIVIL%20PROCEDURE%201908.pdf as of May 10, 2019.

In *Brockmeyer v. May* the Ninth Circuit determined that Article 10(a) of the Hague Convention allows service of process by international mail but required such service "to be performed in accordance with the requirements of Rule 4(f). Service by international mail is affirmatively authorized by Rule 4(f)(2)(C)(ii), which requires that service be sent by the clerk of the court, using a form of mail requiring a signed receipt." *Brokmeyer v. May*, 383 F.3d 798, 808 (Ninth Circ. 2004). In *Water Splash Inc. v. Menon*, the United States Supreme Court adopted the Ninth Circuit's reasoning and stated that service by mail per Article 10(a) "is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second service by mail is authorized under otherwise-applicable laws." *Water Splash Inc. v. Menon*, 137 S.Ct. 1504, 1513 (2017).

### III.   ARGUMENT

**A.   The Hague Convention and Rule 4(f) explicitly permit service by registered mail.**

As the Ninth Circuit made clear in *Brokmeyer*: the Hague Convention allows service of process by international mail as long as such service is performed in accordance with Rule 4(f); and service by international mail is affirmatively authorized by Rule 4(f)(2)(C)(ii).  *See Brokmeyer* at 808.  In comparison to Rule 4(f)(3) which explicitly requires a Court order, Plaintiff respectively points out that Rule 4(f)(2)(c)(ii) does not require a Court order.

**B.  Pakistan does not prohibit service by mail in its declarations for the Hague Convention.**

The Hague Conference on Private International Law maintains an Internet website at https://www.hcch.net/ including information on all of the Hague Conventions, protocols and instruments. The website includes a link for each country which includes the country's central authority and practical information. The practical information includes each country's declarations with regards to the Articles of the Hague Convention.  Here, Pakistan declares that it is not opposed to Article 10(a).  *See* Exhibit "1", *see also* Steven K. Davidson et al., *Should The Postman Ringeth? Service of Process Abroad by Mail Under the Hague Service Convention*, June 6, 2017, https://www.steptoe.com/en/news-publications/should-

the-postman-ringeth-service-of-process-abroad-by-mail-under-the-hague-service-convention.html [last accessed on Sept. 11, 2019] ("..a number of countries have not objected to service of process or the delivery of other judicial documents by mail under Article 10(a), including…Pakistan and the United States, among others.") Plaintiff seeks to serve Defendant via FedEx, a type of mailing that will be tracked and requires a signature by the recipient. Accordingly, the type of service Plaintiff requests is not prohibited by the Hague Convention.

C.  **The internal law of Pakistan provides for service by mail.**

The Civil Code of Pakistan explicitly requires "An acknowledgement … by the defendant of the receipt…or an endorsement by a postal employee that the defendant refused to take delivery" as "prima facie proof of service of summons". Exhibit "2". Accordingly, the Civil Code of Pakistan permits service by registered mail.

Plaintiff seek to send the documents to Defendant Faizan via FedEx, a type of mailing that will be tracked and requires a signature by the recipient. Accordingly, the type of service Plaintiff requests is not prohibited by the law of Pakistan and consistent with Pakistan's internal law.

D.  **Plaintiff is choosing service by mail to promptly effect service.**

Although, Defendant Faizan has taken down his website mkvcage.com and mkvcage.fun, he apparently continues to distribute torrent files of motion pictures at

another torrent site. *See* Ernesto, *Popular Torrent Site MKVCage Faces Lawsuit and Goes Offline*, September 11, 2019, https://torrentfreak.com/popular-torrent-site-mkvcage-faces-lawsuit-and-goes-offline/ [last accessed on Sept. 11, 2019] ("MKVCage's latest upload at external websites, such as 1337x, was two days ago.) In the cases *Venice PI, LLC et al. v. Galbatross Technologies, LLP et al.* and *Venice PI, LLC et al. v. DOE 1 d/b/a YIFY, et al.* involving similar causes of action, this Court has ruled that the Plaintiffs cannot seek injunctive relief against a Defendant until that particular Defendant has been served. *See Venice PI, LLC et al. v. Galbatross Technologies, LLP et al.*, 1:18-cv-00192-LEK-KSC, Doc.# 15 and *Venice PI, LLC et al. v. DOE 1 d/b/a YIFY, et al*, 1:19-cv-00169-LEK-KJM, Doc. #16. Therefore, it would be very unlikely that the Court would grant injunctive relief in the present case against Defendant Faizan until he is served. Accordingly, one of the reasons Plaintiff seeks to serve the Defendant Faizan via international mail is so that injunctive relief can be promptly sought.

## IV.   CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court grant an order permitting the Clerk to mail the documents via FedEx to effect service to Defendant Faizan pursuant to Rules 4(f)(1) and 4(f)(2)(C)(ii) of the *Federal Rules of Civil Procedure*.

DATED: Kailua-Kona, Hawaii, September 12, 2019.

CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiff