IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HB Productions, Inc., | ) | Civil No. 19-00487 JMS-KJM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | EX PARTE MOTION FOR LEAVE TO |
| vs. | ) | SERVE THIRD PARTY SUBPOENA |
| | ) | PRIOR TO A RULE 26(f) |
| Muhammad Faizan; JOHN DOE | ) | CONFERENCE |
| dba ibit.uno; and DOES 1-35, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO
SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

On September 9, 2019, Plaintiff HB Productions, Inc. ("Plaintiff") filed an Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion"). ECF No. 6. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion and the applicable law, the Court hereby GRANTS Plaintiff's Motion for the reasons set forth below.

BACKGROUND

Plaintiff commenced this copyright infringement action on September 9, 2019. ECF No. 1. Plaintiff asserts that it is the copyright owner of the motion picture "Hellboy" (the "Work"), which "tells the story of a legendary half-demon superhero

called to the English countryside to battle a trio of rampaging giants where he suddenly becomes caught in a clash between the supernatural and the human." ECF No. 1 at 13 ¶ 27.  Plaintiff alleges that Defendants Muhammad Faizan and John Doe dba ibit.uno (collectively, "Operator Defendants") operate interactive websites that include "a library of torrent files for copyright protected motions pictures," including the Work.  *Id.* at 14 ¶ 34.  Plaintiff alleges that the "torrent files can be used by a BitTorrent client application to download motion pictures for free and without a license."  *Id.*

Plaintiff alleges that, without Plaintiff's consent, Doe Defendants 1 through 35 (collectively, "Doe Defendants") illegally copied and distributed the Work through BitTorrent, one of the most common peer-to-peer file sharing protocols used for distributing large amounts of data.  *See generally id.* at 19-25 ¶¶ 49-78; ECF No. 6-1 at 1-2.  Based on these allegations, Plaintiff asserts claims against Operator Defendants and Doe Defendants (collectively, "Defendants") for, among other things, direct copyright infringement and contributory copyright infringement pursuant to 17 U.S.C. § 101, et seq. ("the Copyright Act").  ECF No. 1 at 31-41.

Plaintiff does not know Doe Defendants' names and addresses because Doe Defendants used the Internet anonymously when conducting their allegedly infringing activities.  ECF No. 6-1 at 2.  Plaintiff has nonetheless been able to identify (1) the Internet Protocol ("IP") addresses that are being used by those individuals participating in the allegedly infringing activities, and (2) the time of the

infringement. *Id.*; ECF No. 1-1, Exh. 1 to Complaint. Plaintiff has also identified the related Internet Service Providers ("ISP") as Charter Communications, LLC dba Spectrum ("Spectrum") and Hawaiian Telcom. ECF No. 6-1 at 2. Accordingly, Plaintiff seeks leave to take early discovery through subpoenas to Spectrum and Hawaiian Telcom to determine the names and addresses of the subscribers/Doe Defendants connected to the IP addresses that have been linked to the alleged infringement of Plaintiff's Work. *Id.*

## DISCUSSION

Generally, unless authorized by court order, a party is prohibited from seeking discovery before the Federal Rule of Civil Procedure 26(f) conference. Fed. R. Civ. P. 26(d)(1). In rare situations, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In deciding whether to allow early discovery, courts consider whether a plaintiff has shown good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause" may be found where the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

Where the identity of the defendant is not known, the Ninth Circuit has held that a plaintiff "should be given an opportunity through discovery to identify the

unknown defendants, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. Courts examine various factors in evaluating whether a plaintiff has established good cause for early discovery to assist in the identification of doe defendants, including whether plaintiff has made a *prima facie* showing of infringement, whether plaintiff has identified the doe defendants with sufficient particularity, and whether the requested discovery is likely to lead to identifying information. *See, e.g.*, *Patrick Collins, Inc. v. Does 1-1219*, No. C 10-14468 LB, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010) (citations omitted). Courts have found that good cause exists to permit "expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions." *AF Holdings, LLC v. Doe*, Civ. No. S-12-1078 GEB GGH, 2012 WL 1610185, at *2 (E.D. Cal. May 8, 2012) (citing *UMG Recordings, Inc. v. Doe.*, No. C-08-03999 RMW, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); *Arista Records LLC v. Does 1-43*, Civil No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007)).

The Court finds that Plaintiff has made a sufficient showing to establish good cause to engage in early discovery to identify Doe Defendants. First, Plaintiff has made a *prima facie* showing of copyright infringement and contributory copyright infringement. Plaintiff has alleged that: (1) it owns and has registered the Work; (2) Doe Defendants copied and distributed the Work without authorization; and (3) Doe Defendants' actions damaged Plaintiff. As to Plaintiff's claim for

contributory copyright infringement, Plaintiff alleges that each Doe Defendant caused or materially contributed to the direct infringement of Plaintiff's copyright by other Defendants by participating in "BitTorrent swarm" with the other Defendants. These allegations are minimally sufficient to state a claim for contributory copyright infringement. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (concluding that a reasonable trier of fact could conclude that storing infringing copies of copyrighted works on a peer-to-peer file sharing network and providing the network's users with access to those copies materially contributed to the copyright infringement).

Second, Plaintiff's Complaint identifies Defendants with as much specificity as presently possible. Plaintiff states that a third-party, using forensic software, scanned and analyzed peer-to-peer networks and identified Doe Defendants as persons or entities that were infringing on Plaintiff's copyrighted Work. *See* ECF No. 1 at 24-25. Plaintiff provided as Exhibit 1 to its Complaint a list of the IP addresses associated with each Doe Defendant, along with the "hit date" that each IP address subscriber allegedly infringed on Plaintiff's copyrighted work. *See* ECF No. 1-1. The IP addresses are located in the State of Hawaii, which indicates that the Court likely has jurisdiction over Doe Defendants. *Id*. at 3.

The Court is not aware of any other reasonable measures Plaintiff could have taken thus far to identify Doe Defendants other than to obtain the subscribers' identifying information from the ISP. Moreover, Plaintiff has demonstrated that the

proposed subpoenas seek information likely to lead to identifying information that will allow Plaintiff to effect service of process on Doe Defendants.[1]

Based on the foregoing, the Court finds that Plaintiff has demonstrated good cause to grant Plaintiff leave to conduct the early discovery requested in the Motion.

## CONCLUSION

The Court hereby GRANTS Plaintiff's Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference, as follows:

(1) Plaintiff is allowed to serve Rule 45 subpoenas on Spectrum and Hawaiian Telcom to obtain the name and address of each subscriber associated with the IP addresses on the dates indicated in Exhibit 1 to the Complaint;

(2) Plaintiff shall serve a copy of this Order with any subpoenas issued pursuant to this Order;

(3) The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551;

---

[1] The Court expresses no opinion as to whether this identifying information will ultimately reveal the individual or entity who allegedly committed the infringing act. Case law acknowledges the increasing number of devices and users for each IP address. *See, e.g.*, *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call."); *Malibu Media LLC v. Does 1-5*, No. 12 Civ. 2950 (JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer."); *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (noting the risk of "false positives" if the individuals identified by ISPs are not the individuals who downloaded the films at issue).

(4) Spectrum and Hawaiian Telcom shall have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order. Spectrum and Hawaiian Telcom may serve the subscribers by any reasonable means, including written notice sent to the subscriber's last known address via first class mail;

(5) The subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena. If that 30-day period lapses without a subscriber contesting the subpoena, Spectrum and Hawaiian Telcom shall have 10 days to produce the information responsive to the subpoena to Plaintiff;

(6) After Spectrum and Hawaiian Telcom are properly served with Rule 45 subpoenas as detailed above, Spectrum and Hawaiian Telcom shall preserve all subpoenaed information pending the delivery of such information to Plaintiff or the resolution of a timely filed and granted motion to quash the subpoena with respect to such information; and

(7) Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101, et seq.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 25, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*HB Prods., Inc. v. Faizan, et al.*, Civil No. 19-00487 JMS-KJM; Order Granting Plaintiff's Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference