CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

Attorney for Plaintiff
HB Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HB Productions, Inc., </br></br> Plaintiff, </br></br> vs. </br></br> Muhammad Faizan, et al. </br></br> Defendants. | **Case No.: 1:19-cv-487 JMS-KJM** </br> (Copyright) </br></br> **PLAINTIFF'S SCHEDULING CONFERENCE STATEMENT; CERTIFICATE OF SERVICE** </br></br> DATE: 11/4/2019 </br> TIME: 9:30 A.M. </br> JUDGE: MAGISTRATE JUDGE KENNETH J. MANSFIELD |

**PLAINTIFF'S SCHEDULING CONFERENCE STATEMENT**

Comes now Plaintiff, above-named, and hereby submits its scheduling conference statement pursuant to Rule 16.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii.

I. <u>NATURE OF THE CASE</u>

20-018B

Plaintiff HB Productions, Inc. ("Plaintiff") alleges that Defendant Muhammad Faizan ("Faizan") directly infringed, intentionally induced and contributed to copyright infringement of Plaintiff's Copyright protected motion picture *Hellboy* ("Work") in violation of the United States Copyright Act, 17 U.S.C. 101 §§ et. seq and made false and misleading statements in advertisements regarding the torrent files he distributes in interstate commerce in violation of the Lanham Act §43(a), 15 U.S.C. §1125(a). *See* Complaint [Doc. #1] at ¶¶104-146.

Plaintiff alleges that Defendant JOHN DOE dba ibit.uno ("John Doe") also intentionally induced and contributed to copyright infringement of Plaintiff's Work in violation of the United States Copyright Act, 17 U.S.C. 101 §§ et. seq. *See* Id. at ¶¶104-122 and 130-137.

Finally, Plaintiff alleges that Defendants Doe 1-35 directly infringed and contributed to copyright infringement of Plaintiff's Work in violation of the United States Copyright Act, 17 U.S.C. 101 §§ et. seq. *See* Id. at ¶¶123-137.

Defendant Faizan copied Plaintiff's Work by a process referred to as "ripping", created torrent files of the Work and seeded the torrent files on the BitTorrent network. *See* Id. at ¶¶32, 79. Defendant Faizan promoted the torrent files on his website Mkvcage.com where he profited by advertisements and solicitations for donations. *See* Id. at ¶¶79, 101. Plaintiff has discovered that Defendant Faizan also promoted his torrent files on his Facebook page and in

various forums on the website reddit.com.  Defendant Faizan took down his website Mkvcage.com upon being notified of the present litigation.  He further deleted the email address "mkvcage@gmail.com" that he used when registering mkvcage.com and various other domains with the domain register Namecheap and to communicate with Plaintiff's counsel.  *See* pg. 3 of Exhibit "4" [Doc. #1-4] to the Complaint.  Nonetheless, Defendant Faizan has since begun operating a new website "mkvcage.nl" where he promotes and distributes torrent files of motion pictures such as *Hitman's Bodyguard* (*see* https://www.mkvcage.nl/?s=hitman%27s+bodyguard) and *Mechanic: Resurrection* (*see* https://www.mkvcage.nl/?s=mechanic+resurrection) that are owned by Plaintiff's parent company Millennium Funding, Inc. or affiliates thereof with the same misleading language in violation of the Lanham Act §43(a), 15 U.S.C. §1125(a).  Plaintiff has further discovered that Muhammad Faizan's employer "HMA Mobiles & Computers" provides a service of downloading and installing HD movies to the devices of individuals.

      Defendant JOHN DOE distributes various torrent files (including those of Defendant Faizan) from the website ibit.uno and the mirror website ibit.to.  The websites ibit.uno and ibit.to are hosted at IP addresses of the US company CloudFlare.  Defendant JOHN DOE removed Faizan's torrent file associated with Plaintiff's Work upon notification of this litigation by Plaintiff's counsel, but

3

continues to include other torrent files associated with the Work despite notification.

Defendants Does 1-35 installed a BitTorrent Client on their devices and used the BitTorrent client to execute the torrent files of Defendant Faizan and thereby download a complete version of Plaintiff's Work.  Id. at ¶¶46-47.

Defendant Faizan was personally served on Oct. 4, 2019 [Doc. #14]. Plaintiff's counsel has contacted Defendant Faizan at the email addresses he used for his Namecheap and Cloudflare accounts to schedule the Rule 26(f) conference but has not received a reply as of the date of this document.  Similarly, Plaintiff's counsel contacted Defendant JOHN DOE at the email addresses he/she used for his/her Cloudflare accounts and an email address JOHN DOE used to communication with Plaintiff's counsel to schedule the Rule 26(f) conference but has not received a reply as of the date of this document.

On September 9, 2019, Plaintiff filed a motion requesting leave to issue third party subpoenas to Spectrum and Hawaiian Telcom prior to the Rule 26(f) conference so Plaintiff can serve Defendants Does 1-35 with a summons for this lawsuit.  See PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE ("Motion") [Doc. #6].  This Motion was granted on September 25, 2019 [Doc.

4

20-018B

#10]. Plaintiff served third party subpoenas on Spectrum and Hawaiian Telcom on September 25 and September 27, respectively.

## II. JURISDICTION AND VENUE

Plaintiff does not anticipate that there will be any meritorious disputes regarding jurisdiction or venue. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition). Furthermore, Defendants either reside in, solicit, transact, or is doing business within this jurisdiction, and has committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction. As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over each.

Defendant Faizan transacted business within Hawaii and committed tortious acts (inducement and contributory copyright infringements of Plaintiff's motion pictures) within Hawaii as defined by HRS § 634-35(a)(1) and (2). Particularly, Defendant Faizan facilitated direct contacts with Hawaii for his commercial gain by exchanging torrent files with users in Hawaii such as Defendants Does 1-35. Alternatively, personal jurisdiction is appropriate over Defendants Faizan and JOHN DOE per the federal long arm statute because each purposely avails the

5

benefits of US law, directed electronic activity into the United States and targeted and attracted a substantial number of users in the United States. See Complaint [Doc. #1] at ¶¶13-32.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

III. DEMAND FOR JURY TRIAL

Plaintiff demanded a jury trial in the Complaint. Id. at pg. 41.

IV. INITIAL DISCLOSURES

Plaintiff will submit its initial disclosures in accordance with the rules after the Rule 26(f) conference with each Defendant respectfully.

V. DISCOVERY AND MOTIONS

There is no pending discovery. Plaintiff has not yet, but may in the future, file dispositive motions.

VI. SPECIAL PROCEDURES

Plaintiff requests that this scheduling conference be continued until after one or more of Defendants Does 1-35 answers the Complaint which will likely be no earlier than December 2019.

VII. RELATED CASES

This case deals with legal issues that are similar to those in case 1:19-cv-389

ACK-KJM (same Plaintiff but a different Defendant distributing torrent files of Plaintiff's Work).

VIII. <u>ADDITIONAL MATTERS</u>

None.

DATED: Kailua-Kona, Hawaii, October 15, 2019.

        CULPEPPER IP, LLLC

        <u>/s/ Kerry S. Culpepper</u>
        Kerry S. Culpepper

        Attorney for Plaintiff
        HB Productions, Inc.

20-018B