CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiff
HB Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HB Productions, Inc., <br><br> Plaintiffs, <br> vs. <br><br> Muhammad Faizan, et. al., <br><br> Defendants. | **Case No.: 1:19-cv-487-JMS-KJM** <br> **(Copyright)** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**I.   BACKGROUND**

Plaintiff HB Productions, Inc. ("Plaintiff") filed the Original Complaint [Doc. #1] on September 9, 2019 against Defendants Muhammad Faizan ("Faizan"), JOHN DOE dba ibit.uno and DOES 1-35.  Entry of default was entered against Defendant

Faizan on Dec. 3, 2019 [Doc. #24].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) permits amendment of the pleadings with the court's leave, which the Court should give freely. *See* Fed. R. Civ. P. Rule 15(a)(2).  Courts consider bad faith, dilatory motive on the movant's part, undue delay, prejudice to the opposing party, and futility in reviewing a Plaintiff's request to amend the complaint under Rule 15(a).  *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004).  An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## III. ARGUMENT

A.  There is no bad faith, dilatory motive or undue delay on Plaintiff's part in seeking to file the FAC.

The marked up version of the proposed First Amended Complaint ("FAC") is shown in Exhibit 1 and the clean version is shown in Exhibit 2.  There is no prejudice to Defendant Faizan since the proposed FAC does not include new claims against him.  Rather, the proposed FAC further details Defendant Faizan's use of United States ("US") resources and his availment of US law to support personal jurisdiction and establishes the amount of damages suffered by Plaintiff.

Moreover, because Defendant Faizan has defaulted, he <u>benefits</u> from Plaintiff filing the FAC because he will be given another opportunity to answer.

B.  The allegations in the proposed FAC and its exhibits and declarations establish personal jurisdiction.

In summary, Defendant Faizan knowingly sent at least pieces of copies of Plaintiff's motion picture to the 35 individuals in Hawaii shown in Exhibit 1 to the Complaint and to 16,942 individuals in the United States as a whole.  *See* Decl. of Arheidt at ¶¶8-9.  He further used extensive US resources to host his websites (Cloudflare and Namecheap), to promote his websites (Facebook, Twitter and Reddit) and to profit from his website (Google Adsense and Paypal).  *See* Proposed FAC (Exhibit 2) at ¶24.  He further availed himself of US law by submitting DMCA notices *himself* to Google requesting that infringing copies of one of his websites be removed.  Id at ¶27. Therefore, personal jurisdiction is appropriate under either the Hawaii long arm statute or the Federal long arm statute. Accordingly, the FAC is not futile.

C.  Personal Jurisdiction is not a consideration when determining whether a claim is futile.

The consideration when determining whether a claim is futile is whether the claim is valid.  *See Miller* at 214.  Personal jurisdiction, on the other hand, is a procedural matter.   Accordingly, Plaintiff respectfully submits that it is not

appropriate to consider issues of personal jurisdiction when determining whether a proposed amended complaint is futile.

## IV. CONCLUSION

Applying the liberal standard set forth in Federal Rule of Civil Procedure, the Court should grant Plaintiff's Motion for Leave to File the FAC because there is no (i) undue delay, (ii) bad faith, (iii) dilatory motive or (iv) undue prejudice and the FAC is not futile.

DATED: Kailua-Kona, Hawaii, January 23, 2020.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiff