IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HB PRODUCTIONS, INC., | ) | CIVIL NO. 19-00487 JMS-KJM |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S RULE 55(b)(1) |
| | ) | MOTION FOR CLERK TO ENTER |
| MUHAMMAD FAIZAN, | ) | DEFAULT JUDGMENT AGAINST |
| | ) | DEFENDANT MUHAMMAD |
| Defendants. | ) | FAIZAN |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
RULE 55(b)(1) MOTION FOR CLERK TO ENTER DEFAULT
JUDGMENT AGAINST DEFENDANT MUHAMMAD FAIZAN

On March 4, 2020, Plaintiff HB Productions, Inc. ("Plaintiff") filed a Rule

55(b)(1) Motion for Clerk to Enter Default Judgment Against Defendant

Muhammad Faizan. ECF No. 44. The Court elects to decide this matter without

a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United

States District Court for the District of Hawaii. After carefully considering the

Motion, applicable law, and the record in this case, the Court FINDS AND

RECOMMENDS that the district court DENY the Motion.

BACKGROUND

On September 9, 2019, Plaintiff filed its Complaint. On February 14,

2020, Plaintiff filed its First Amended Complaint, which asserts claims against

Defendant Muhammad Faizan ("Defendant") for direct and contributory copyright infringement and intentional inducement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. The First Amended Complaint alleges that, as a result of Defendant's direct and contributory copyright infringement, Plaintiff suffered $270,902.58 in damages. ECF No. 40 at 30 ¶ 132, 32 ¶ 141.

On March 2, 2020, Plaintiff filed a request for the Clerk of Court to enter default against Defendant. ECF No. 42. On March 3, 2020, the Clerk entered default against Defendant. ECF No. 43. On March 4, 2020, Plaintiff filed the instant Motion, which asks the Clerk to enter default judgment against Defendant and award Plaintiff $270,902.58 in damages and $4,410.98 in costs, pursuant to Federal Rule of Civil Procedure 55(b)(1). Plaintiff attaches a declaration from its counsel, Kerry S. Culpepper, Esq., in support of the Motion ("Culpepper Declaration").

## DISCUSSION

Rule 55(b) provides two ways in which a party can obtain a judgment against an opposing party in default. Under Rule 55(b)(1), the Clerk of Court can enter a default judgment against a party who is neither a minor nor an incompetent person as long as the "claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Pursuant to Rule

55(b)(2), "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Plaintiff's Motion asks the Clerk of Court to enter default judgment against Defendant pursuant to Rule 55(b)(1). The Culpepper Declaration states: "The certain sum of $270,902.58 pleaded in the First Amended Complaint in paragraph 141 and pg. 33 is due to Plaintiff because of Defendant's infringements of Plaintiff's copyright in its motion picture *Hellboy*." ECF No. 44-1 at 1 ¶ 3. The Court disagrees with the Culpepper Declaration's assertion that Plaintiff's claims are for a sum certain.

The Ninth Circuit Court of Appeals has previously concluded that "a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)) (applying the First Circuit's approach in *KPS & Assocs.* to determine whether the plaintiff's claim was for a "sum certain"). "However, if the 'sum certain' of a plaintiff's claim cannot be calculated reasonably by simple computation, and other evidence is required, then the plaintiff must apply to the court for a default judgment pursuant to Rule 55(b)(2)." *Graham v. Forever Young Or., LLC*, No. 03:13-CV-01962-HU, 2014 WL 3512498, at *1 (D. Or.

3

July 14, 2014).  Moreover, the fact that a pleading identifies a particular damages amount does not automatically convert a claim into a "sum certain." *See KPS & Assocs.*, 318 F.3d at 20 n.9 ("Neither the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts KPS's claim into a 'sum certain.'"); *see also* 5 James Wm. Moore et al., Moore's Federal Practice § 55.20[3] (3d ed. 2019) ("A claim does not become certain merely because the claim or the affidavit identifies a purported total.").

The First Amended Complaint and the Motion do not indicate how Plaintiff calculated its asserted $270,902.58 damages amount.  Nor does Plaintiff's Motion include documents setting forth amounts necessary to calculate a certain damages sum.  Without such information, the Court is unable to determine the formula Plaintiff used to calculate its alleged damages.  The Court thus finds that Plaintiff fails to establish that its claim is for a "sum certain" and recommends that the district court deny the Motion.

\\

\\

\\

\\

\\

4

CONCLUSION

Based on the foregoing, the FINDS AND RECOMMENDS that the district court DENY Plaintiff's Rule 55(b)(1) Motion for Clerk to Enter Default Judgment Against Defendant Muhammad Faizan.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 20, 2020.

_____
Kenneth J. Mansfield
United States Magistrate Judge

*HB Productions, Inc. v. Faizan*, Civil No. 19-00487 JMS-KJM; Findings and Recommendation to Deny Plaintiff's Rule 55(b)(1) Motion for Clerk to Enter Default Judgment Against Defendant Muhammad Faizan