CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiff
HB Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HB Productions, Inc., | Case No.: 1:19-cv-487-JMS-KJM (Copyright) |
| Plaintiff, | |
| vs. | SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR CLERK TO ENTER DEFAULT JUDGMENT; DECLARATION OF COUNSEL |
| Muhammad Faizan, et al., | |
| Defendants. | |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR CLERK TO ENTER DEFAULT JUDGMENT**

COME NOW, Plaintiff HB Productions, Inc., by and through its counsel, hereby submits its Supplemental Memorandum addressing the issue of the "sum certain" per the Court's Order of April 24, 2020 (hereafter: "Order") [Doc. #50]. As discussed below, the $15.95 amount referred to in the First Amended Complaint ("FAC") [Doc. #40] and the Second Motion for Clerk to enter Default Judgment

1

("Motion") [Doc. #48] is illustrative of the price for a Blu-ray disc of Plaintiff's motion picture nationwide through the United States at the time of filing the FAC.

Defendant Faizan ("Defendant") is not a typical "John Doe" in a bittorrent lawsuit who merely downloaded a copy of a motion picture without license. Rather, Defendant is the initial person who directly copied Plaintiff's motion picture *Hellboy* ("Work") from a Blu-ray disc and legitimate streaming sources to create high quality file copies (including Blue-ray) of the Work. FAC at ¶¶38-40. He then created torrent files for distributing his illegitimate file copies of the Work and placed them on his websites mkvcage.fun and mkvcage.com and other websites such as ibit.uno to be available for download freely anywhere in the World via bittorrent protocol. Id. at ¶91. He seeded file copies of the Work on notorious piracy platforms such as 1337x and ETTV so that anyone who wished to make a copy could via various swarms. Id at ¶¶86, 89-90. When notified of this lawsuit, Defendant double downed on his piracy activities by creating the website mkvcage.nl jointly with 1337 Services, LLC. Id at ¶44.

**A. The price of $15.95 for a Blu-ray copy of Plaintiff's motion picture was a fair representation of the price nationwide as of January 22, 2020.**

Walmart is a nationwide store. *See* https://corporate.walmart.com/our-story/locations/united-states [last accessed on April 24, 2020] ("Today, Walmart employs approximately 1.5 million U.S. associates at more than 5,000 stores and

clubs nationwide.") The FAC includes a quote of $15.95 for pickup at a local Walmart retailer in Kailua Kona, HI of a Blu-ray disc of Plaintiff's motion picture when ordered from walmart.com as of Jan. 22, 2020. FAC at ¶51. However, the base price for the Blu-ray disc is the same across the United States at walmart.com. The only change for the most part is the local taxes. For example, Plaintiff's counsel conducted a search using different zip codes at walmart.com on April 24, 2020 to determine if there is price variance. Although the price has decreased since Jan. 22, 2020, the prices at six different locations in four different regions (Northeast, Southeast, West Coast and Pacific) for walmart.com are the same as shown below.

$12.96 in Kailua Kona (96740)

$12.96 in Piscataway, NJ (08854)

$12.96 in Birmingham, Al (35210)

$12.96 in Las Vegas, NV (88901)

$12.96 in Los Angeles, CA (90001). *See* Decl. of Counsel at ¶3.

For further comparison, Plaintiff's counsel looked at the base price on the website Amazon.com on April 24, 2020 before entering the delivery address and determined that the base price is $12.99. *See* Id. at ¶4.

Moreover, although Plaintiff does not believe that the price in Pakistan is relevant as discussed below, Plaintiff determined that at least one merchant in India that offered the Blu-ray copy of Plaintiff's motion picture for sale in Pakistan offered

it at a price of Rs 4,839 during February 13 to February 18. Rs 4,839 is approximately $63 as of the Rupee dollar exchange rate of April 24, 2020. *See Id.* at ¶¶5-6.

**B. The damages Defendant caused to Plaintiffs are significantly greater than $270,224.908 requested in the Motion.**

Defendant's infringing activities has resulted in over 105,043 infringements worldwide. FAC at ¶¶83-84. However, the number of 105,043 is limited to only two of the file names by which Defendant distributed Plaintiff's motion picture: (1) "Hellboy.2019.720p.HC.HDRip.x264-MkvCage.Com.mkv" via the Unique Hash Number 0550544E834856FC1F012A567388F0307CD8A61A; and (2) "Hellboy.2019.1080p.AMZN.WEBRip.DDP5.1.x264-NTG" via the Unique Hash Number 18031E80B3360664B3641E1B7952172740AD5A63. *See* Decl. of Arheidt [Doc. #40-7] at ¶¶8-9, FAC at ¶¶83-84. Defendant further copied Plaintiff's Work and distributed it via other files such as (3) Hellboy (2019) 720p BRRip HEVC 750MB; (4) Hellboy (2019) 1080p BRRip 6CH 2.3GB; (5) Hellboy (2019) 720p BRRip 1.1GB; (6) Hellboy (2019) 1080p AMZN WEB-DL 6CH 2.2GB; (7) Hellboy (2019) 1080p WEB-DL 6CH 2GB; and (8) Hellboy (2019) 720p WEB-DL. *See* Decl. of Stephanie Kessner [Doc. #40-5] at ¶10, FAC at ¶90.

Nonetheless, to avoid unduly complicating this proceeding, Plaintiff has limited its damages claim to only the 16,942 instances of infringements in the United

States (16 percent of worldwide total) and just two of the eight files. Thus, the actual damages Defendant caused Plaintiff by his infringing activity are a multitude greater than the $270,224.90 requested.

## C. The value of a Blu-ray disc of Plaintiff's motion picture in Pakistan is not relevant because Plaintiff is only requesting damages for the US infringements.

The Order states, "In particular, Plaintiff shall address the Motion's basis for using $15.95, the asserted value for a Blu-ray disc of Plaintiff's copyrighted work according to one retail store in Kailua-Kona, Hawaii, as the value of damages incurred by Plaintiff, a Nevada corporation, per alleged infringement by Defendant, a resident of Pakistan." Order.

As discussed above, the price of $15.95 is a fair representation of the price across the United States nationwide prior to the date of the FAC. *See* Decl. of Counsel at ¶2. Moreover, because Plaintiff respectfully submits that the price in Pakistan is not relevant since damages are only being requested based upon infringements in the United States. Nonetheless, it should be noted that the apparent retail price of $63 for purchasing the blue-ray disc of the motion picture in Pakistan is substantially higher than the nationwide retail price in the United States.

## D. Conclusion.

Plaintiff's Motion includes a request for a sum certain or a sum that can be made certain by computation. Plaintiff's request is more than fair to the Defendant

since it is based on only 16 percent of the infringements he has contributed to and induced and just two of the eight files he directly infringed and distributed worldwide.

DATED: Kailua-Kona, Hawaii, April 24, 2020.

                        CULPEPPER IP, LLLC

                        /s/ Kerry S. Culpepper
                        Kerry S. Culpepper

                        Attorney for Plaintiff