IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HB PRODUCTIONS, INC., | ) | CIVIL NO. 19-00487 JMS-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S SECOND RULE |
| | ) | 55(b)(1) MOTION FOR CLERK TO |
| MUHAMMAD FAIZAN, | ) | ENTER DEFAULT JUDGMENT |
| | ) | AGAINST DEFENDANT |
| Defendant. | ) | MUHAMMAD FAIZAN |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
SECOND RULE 55(b)(1) MOTION FOR CLERK TO ENTER
DEFAULT JUDGMENT AGAINST DEFENDANT MUHAMMAD FAIZAN

On March 27, 2020, Plaintiff HB Productions, Inc. ("Plaintiff") filed a Second Rule 55(b)(1) Motion for Clerk to Enter Default Judgment Against Defendant Muhammad Faizan ("Motion"). ECF No. 48. On April 23, 2020, the Court directed Plaintiff to file supplemental briefing. ECF No. 50. On April 24, 2020, Plaintiff timely filed its supplemental brief ("Supplement"). ECF No. 51.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion.

BACKGROUND

On September 9, 2019, Plaintiff filed its Complaint. On February 14, 2020, Plaintiff filed its First Amended Complaint, which asserts claims against Defendant Muhammad Faizan ("Defendant") for direct and contributory copyright infringement and intentional inducement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* Plaintiff alleges that it is the copyright owner of the motion picture, *Hellboy* (the "Work" or "*Hellboy*"). ECF No. 40 at 11 ¶ 34. The First Amended Complaint alleges that, as a result of Defendant's direct and contributory copyright infringement, Plaintiff suffered $270,902.58 in damages. *Id.* at 30 ¶ 132, 32 ¶ 141.

On March 2, 2020, Plaintiff filed a request for the Clerk of Court to enter default against Defendant. ECF No. 42. On March 3, 2020, the Clerk entered default against Defendant. ECF No. 43. On March 4, 2020, Plaintiff filed a Rule 55(b)(1) Motion for Clerk to Enter Default Judgment Against Muhammad Faizan ("03/04/202 Motion"), which asked the Clerk to enter default judgment against Defendant and award Plaintiff $270,902.58 in damages and $4,410.98 in costs, pursuant to Federal Rule of Civil Procedure 55(b)(1). ECF No. 44.

On March 20, 2020, this Court issued its Findings and Recommendation to Deny the 03/04/2020 Motion ("03/20/2020 F&R"). ECF No. 46. The 03/20/2020 F&R noted that the 03/04/2020 Motion did not indicate how Plaintiff calculated its

alleged damages amount. *Id.* at 4. The 03/20/2020 F&R thus found that Plaintiff failed to establish that its claims against Defendant were "sum certain," as required by Rule 55(b)(1), and recommended that the district court deny the 03/04/2020 Motion. *Id.*

On March 25, 2020, while the 03/20/2020 F&R was pending before the district court, Plaintiff filed a notice of withdrawal of the 03/04/2020 Motion ("Notice of Withdrawal"). ECF No. 47. The Notice of Withdrawal stated that, in light of the 03/20/2020 F&R, Plaintiff would file a second motion for default judgment that "indicates the formula for how the damages were calculated." *Id.* at 1-2.

On March 27, 2020, Plaintiff filed the instant Motion. Plaintiff attaches in support of the Motion a declaration from its counsel, Kerry S. Culpepper, Esq. ("Culpepper Declaration"). On April 23, 2020, this Court ordered Plaintiff to file supplemental briefing demonstrating that Plaintiff's request for damages as "sum certain." ECF No. 50. In particular, the Court ordered Plaintiff to address "the Motion's basis for using $15.95, the asserted value for a Blu-ray disc of Plaintiff's copyrighted work according to one retail store in Kailua-Kona, Hawaii, as the value of damages incurred by Plaintiff, a Nevada corporation, per alleged infringement by Defendant, a resident of Pakistan." *Id.* On April 24, 2020, Plaintiff filed the Supplement.

DISCUSSION

Rule 55(b) provides two ways in which a party can obtain a judgment against an opposing party in default. Under Rule 55(b)(1), the Clerk of Court can enter a default judgment against a party who is neither a minor nor an incompetent person as long as the "claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Pursuant to Rule 55(b)(2), "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Plaintiff's Motion asks the Clerk of Court to enter default judgment against Defendant pursuant to Rule 55(b)(1). The Culpepper Declaration states: "The certain sum of **$270,224.90** is less than that pleaded in the First Amended Complaint at paragraph 141 and pg. 33 is due to Plaintiff because of Defendant's infringements of Plaintiff's copyright in its motion picture *Hellboy*." ECF No. 51-1 at 2 ¶ 7 (emphasis in original). The Court disagrees with the Culpepper Declaration's assertion that Plaintiff's claims are for a sum certain.

The Ninth Circuit Court of Appeals has previously concluded that "a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)) (applying the

First Circuit's approach in *KPS & Assocs.* to determine whether the plaintiff's claim was for a "sum certain").  "However, if the 'sum certain' of a plaintiff's claim cannot be calculated reasonably by simple computation, and other evidence is required, then the plaintiff must apply to the court for a default judgment pursuant to Rule 55(b)(2)."  *Graham v. Forever Young Or., LLC*, No. 03:13-CV-01962-HU, 2014 WL 3512498, at *1 (D. Or. July 14, 2014).  Moreover, the fact that a pleading identifies a particular damages amount does not automatically convert a claim into a "sum certain."  *See KPS & Assocs.*, 318 F.3d at 20 n.9 ("Neither the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts KPS's claim into a 'sum certain.'"); *see also* 5 James Wm. Moore et al., Moore's Federal Practice § 55.20[3] (3d ed. 2019) ("A claim does not become certain merely because the claim or the affidavit identifies a purported total.").

     The Motion seeks a judgment against Defendant for $270,224.90.  Plaintiff calculated its damages by multiplying the alleged number of infringements Defendant committed with respect to the Work (16,942 times) by $15.95 (16,942 x $15.95 = $270,224.90).  ECF No. 48-1 at 2 ¶ 6.  Plaintiff's use of $15.95 as the per-infringement damages value is based on the First Amended Complaint's allegation that the "Blu-ray copy of the Work is currently available for sale at a retailer in Kailua-Kona, Hawaii for $15.95."  ECF No. 40 at 14 ¶ 51.  Stated

differently, Plaintiff asserts that it is entitled to damages for the value of a *Hellboy* Blu-ray for every infringement committed by Defendant.

Plaintiff's Supplement indicates that the retailer described in the First Amended Complaint is Walmart.  ECF No. 51 at 3.  The Supplement asserts that Walmart's $15.95 price for a Blu-ray copy of the Work "was a fair representation of the price nationwide as of January 20, 2020."  *Id.* at 2.  In support of this assertion, Plaintiff asserts that its counsel compared *Hellboy* Blu-ray prices at several Walmart stores across the nation.  According to Plaintiff's counsel, the Blu-ray price has dropped to $12.96, but is the same across five store locations.  *Id.* at 3 (citing ECF No. 51-1 at 1-2 ¶ 3).  In addition, Plaintiff's counsel asserts that the price of the *Hellboy* Blu-ray on Amazon.com is $12.99.  *Id.* (citing ECF No. 51-1 at 2 ¶ 4).

Like the First Motion, the instant Motion and Supplement fail to persuade the Court that Plaintiff's claims are for a sum certain such that entry of default judgment by the Clerk of Court would be appropriate under Rule 55(b)(1).  The Complaint does not allege that $15.95 is a fair representation of the nationwide price for the *Hellboy* Blu-ray.  Even if it did, however, the Motion and the Supplement fail to explain why an alleged "fair representation" of the price for a Blu-ray of a motion picture is sufficient to render a copyright infringement claim "sum certain" for purposes of Rule 55(b)(1).  Neither the Motion nor the

Supplement cite to any case law or other legal authority to support this proposition. Indeed, Plaintiff's Supplement indicates that the price of a *Hellboy* Blu-ray varies by vendor and date. Such variation, in this Court's view, means that doubt remains as to the amount to which Plaintiff is entitled as a result of Defendant's default and other evidence is needed to establish Plaintiff's damages. *See Franchise Holding*, 375 F.3d at 928-29. The Court finds thus finds that Plaintiff fails to show that its claims are for a "sum certain" and recommends that the district court deny the Motion.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Second Rule 55(b)(1) Motion for Clerk to Enter Default Judgment Against Defendant Muhammad Faizan.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 18, 2020.



Kenneth J. Mansfield
United States Magistrate Judge

*HB Productions, Inc. v. Faizan*, Civil No. 19-00487 JMS-KJM; Findings and Recommendation to Deny Plaintiff's Second Rule 55(b)(1) Motion for Clerk to Enter Default Judgment Against Defendant Muhammad Faizan