IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HB PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MUHAMMAD FAIZAN, <br><br> Defendant. | CIV. NO. 19-00487 JMS-KJM <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND RULE 55(b)(1) MOTION FOR CLERK TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT MUHAMMAD FAIZAN |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND RULE 55(b)(1) MOTION FOR CLERK TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT MUHAMMAD FAIZAN**

## I. INTRODUCTION

Plaintiff HB Productions, Inc. ("Plaintiff") objects to Magistrate Judge Kenneth J. Mansfield's May 18, 2020 Findings and Recommendation ("F&R"), ECF No. 52, to deny Plaintiff's second motion for entry of default judgment. ECF No. 53. For the reasons discussed below, the court ADOPTS the F&R.

## II. BACKGROUND

The First Amended Complaint ("FAC") claims that Defendant Muhammad Faizan ("Defendant") engaged in direct and contributory copyright infringement of Plaintiff's copyright of the motion picture *Hellboy*, in violation of the Copyright Act of 1976, 17 U.S.C. § 101, et seq. FAC ¶¶ 1-2, 34, ECF No. 40

at PageID #271, 280.  More specifically, the FAC alleges that Defendant "operates an interactive website . . . which include[s] a library of torrent files for copyright protected motion pictures, including [*Hellboy*].  The torrent files can be used by a BitTorrent client application to download and reproduce motion pictures for free and without license."  *Id.* ¶ 38, ECF No. 40 at PageID #280.  The FAC further alleges that Defendant creates copies of *Hellboy* by "ripping" them "from either Blu-ray or legal streaming services."  *Id.* ¶ 40, ECF No. 40 at PageID #281.  As a result of Defendant's infringements, the FAC alleges that Plaintiff suffered damages of $270,902.58, *id.* ¶¶ 132, 141, ECF No. 40 at PageID #299, 301, based on the FAC's allegation that a "Blu-ray copy of [*Hellboy*] is currently available for sale at a retailer in Kailua Kona, Hawaii for $15.95," *id.* ¶ 51, ECF No. 40 at PageID #283.

On March 3, 2020, the Clerk of Court entered default against Defendant.  ECF No. 43.  On March 27, 2020, Plaintiff filed a second motion for entry of default judgment by the Clerk against Defendant (the "Motion").[1]  ECF

---

[1] Plaintiff withdrew his first motion for clerk's entry of default judgment after Magistrate Judge Mansfield issued a Findings and Recommendation ("First F&R") to deny that motion based on Plaintiff's failure to establish that his claim was for a "sum certain."  *See* ECF No. 44 (motion); ECF No. 46 (First F&R); ECF No. 47 (notice of withdrawal).  Plaintiff's withdrawal rendered the First F&R moot.  ECF No. 49.

No. 48.  The Motion seeks judgment for $270,224.90,[2] which Plaintiff calculated by multiplying Defendant's alleged number of infringements of *Hellboy* (16,942) by the price of a Blu-ray copy of the movie ($15.95), as alleged in the FAC.  *See* ECF No. 48-1 at PageID #372.  On April 23, 2020, Magistrate Judge Mansfield directed Plaintiff to file supplemental briefing establishing the basis for Plaintiff's assertion that the requested damages constitute a "sum certain."  ECF No. 50.  Specifically, Plaintiff was ordered to "address the Motion's basis for using $15.95, the asserted value for a Blu-ray disc of Plaintiff's copyrighted work according to one retail store in Kailua-Kona, Hawaii, as the value of damages incurred by Plaintiff, a Nevada corporation, per alleged infringement by Defendant, a resident of Pakistan."  *Id.*  Plaintiff filed its supplemental briefing on April 24, 2020.  ECF No. 51.

On May 18, 2020, Magistrate Judge Mansfield found that Plaintiff failed to establish that its "claims are for a sum certain such that entry of default judgment by the Clerk of Court would be appropriate under [Federal Rule of Civil Procedure] 55(b)(1)," reasoning:

> The Complaint does not allege that $15.95 is a fair representation of the nationwide price for the *Hellboy* Blu-ray.  Even if it did, however, the Motion and the

---

[2] Plaintiff's counsel explains the discrepancy between the damage amounts alleged by the FAC and sought by the Motion, stating that the FAC alleged damages of $270,902.58 based on the incorrect amount of $15.99 per infringement.  *See* Aff. of Counsel ¶ 8, ECF No. 48-1 at PageID #373.

3

> Supplement fail to explain why an alleged 'fair representation' of the price for a Blu-ray of a motion picture is sufficient to render a copyright infringement claim 'sum certain' for purposes of Rule 55(b)(1). Neither the Motion nor the Supplement cite to any case law or other legal authority to support this proposition. Indeed, Plaintiff's Supplement indicates that the price of a *Hellboy* Blu-ray varies by vendor and date. Such variation, in this Court's view, means that doubt remains as to the amount to which Plaintiff is entitled as a result of Defendant's default and other evidence is needed to establish Plaintiff's damages. *See Franchise Holding* [*II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004)].

ECF No. 52 at PageID #399-400.

On May 22, 2020, Plaintiff filed its Objections, contending that the F&R failed to consider "whether Plaintiff's claim for damages of $270,224.90 is 'a sum that can be made certain by computation,'" and that the F&R erred by finding that "a price in Kailua Kona, Hawaii cannot be used to establish damages." ECF No. 53 at PageID #402. Upon de novo review and for the reasons discussed below, this court rejects Plaintiff's Objections and ADOPTS the F&R.

### III. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

The district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," or recommit the matter to the magistrate judge with further instructions. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); Fed. R. Civ. P. 72(b)(3).

## IV.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 55(b)(1) permits the entry of default judgment by the Clerk when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Otherwise, a plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Ninth Circuit has held that "a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise

*Holding II*, 375 F.3d at 928-29 (citing *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 n.7 (1st Cir. 2003)).

A plaintiff may establish a sum certain, for example, by providing "loan documents that set forth the specific formulas for determining the amount owed" and "documents setting for the various amounts necessary for calculating the total amount due." *Id.* at 929. But where extrinsic evidence is required, Rule 55(b)(1) does not apply. That is, where "a plaintiff's claim cannot be calculated reasonably by simple computation, and other evidence is required, then the plaintiff must apply to the court for a default judgment pursuant to Rule 55(b)(2)." *Graham v. Forever Young Or., LLC*, 2014 WL 3512498, at *1 (D. Or. July 14, 2014). "Similarly, claims that involve a party's estimation of damages or a contract that lacks an express formula to calculate damages are not for a sum certain." *Stirling Eng'g, Inc. v. Robison*, 2020 WL 2097614, at *2 (N.D. Cal. May 1, 2020) (citation omitted). And a claim is not a sum certain simply because it is alleged in a pleading. *See KPS & Assocs.*, 318 F.3d at 20 n.9 ("Neither the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts [plaintiff's] claim in a 'sum certain.'").

///

///

**B.     Application of Legal Standard**

Here, Plaintiff's damages claim is neither a "sum certain" nor a "sum that can be made certain by computation" for purposes of Rule 55(b)(1). Plaintiff's argument—that damages may be determined by the simple calculation of multiplying the number of infringements alleged in the FAC by the price of a Blu-ray disc of *Hellboy* sold at a Walmart store in Kailua Kona, Hawaii—relies on extrinsic evidence, namely Plaintiff's counsel's affidavit attesting as to what is an appropriate per-disc price for purposes of calculating damages.  *See, e.g.*, *Frenkel v. Baker*, 2014 WL 5697449, at *12 (E.D. Pa. Nov. 4, 2014) (recognizing that if a court must calculate damages after "conducting a hearing or by receiving evidence or detailed affidavits from the claimant," the claim is not for a sum certain) (citations omitted); *Howard Johnson Int'l, Inc. v. Ebuehi*, 2014 WL 2435710, at *2 (D.N.J. May 29, 2014) (explaining that where damages are not for a sum certain, a court must determine damages "by conducting a factual inquiry through evidentiary hearings, detailed affidavits, or documentary evidence") (citing *KPS & Assocs.*, 318 F.3d at 20) (other citations omitted); *cf. OS Enter., LLC v. Fairline Dev. Canada (1992) Ltd.*, 2014 WL 1389540, at *2 (N.D. Cal. Apr. 9, 2014) (recognizing that when *a court* determines damages for default judgment pursuant to Rule 55(b)(2), it may "rely on the declarations submitted by the plaintiff").

7

And here, the F&R not only considered whether Plaintiff's suggested calculation is appropriate under Rule 55(b)(1), but it rejected that argument. *See* ECF No. 52 at PageID #399-400 (explaining that notwithstanding counsel's attestation that $15.95 is a fair representation of the price of a Blu-ray *Hellboy* disc, "doubt remains as to the amount to which Plaintiff is entitled as a result of Defendant's default and *other evidence is needed* to establish Plaintiff's damages") (emphasis added).³ Thus, the F&R did not limit its analysis to whether the claim is for a "sum certain" to the exclusion of whether it is for "a sum that can be made certain by computation." Rather, the F&R contemplated whether the suggested calculation was appropriate under Rule 55(b)(1) and concluded that it was not.

After de novo review, this court concurs.

---

³ Further, it is doubtful that Plaintiff's suggested calculation would suffice to establish actual damages under Rule 55(b)(2). Rejecting the plaintiff's request for actual damages for a similar claim of copyright infringement of a movie by use of the BitTorrent network, *Cell Film Holdings, LLC v. Newcomb*, 2017 WL 5615171, at *4 (D. Or. Oct. 12, 2017), reasoned, in part:

> Plaintiff asserts that the Movie retails for $14.95, and therefore Plaintiff suffered actual damages of greater than $150,000 (10,338 (the number of alleged distributions) x $14.95 (the retail price)). Plaintiff's argument assumes, without any evidentiary support, that every individual who watched the Movie for free would have paid the full retail price to watch the Movie. However, the very fact that users downloaded the Movie for free suggests they are *not* willing to pay $14.95 to watch the Movie. Plaintiff's argument also fails to account for the much lower cost of renting the Movie, or watching it on a subscription-based service, such as Netflix. Plaintiff has also failed to submit any evidence of how much money it receives from each retail purchase, rental, or digital download of the Movie (it seems unlikely that Plaintiff receives the full $14.95 from each Amazon.com purchase, but that is an assumption in its calculus).

## V. **CONCLUSION**

Based on the foregoing, Plaintiff's Objections are OVERRULED and the Findings and Recommendation to Deny Plaintiff's Second Rule 55(b)(1) Motion for Clerk to Enter Default Judgment Against Defendant Muhammad Faizan, ECF No. 52 is ADOPTED without prejudice to Plaintiff filing a proper motion for default judgment pursuant to Rule 55(b)(2).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 29, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*HB Prods, Inc. v. Faizan*, Civ. No. 19-00487 JMS-KJM, Order Adopting Findings and Recommendation to Deny Plaintiff's Second Rule 55(b)(1) Motion for Clerk to Enter Default Judgment Against Defendant Muhammad Faizan