JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| LIONS GATE FILMS INC., <br><br> Plaintiff, <br><br> v. <br><br> AHMED SALEH; AMIEL ELBAR, MUHAMMAD JAVED ASHRAF; TOM MESSCHENDORP; JEROME GILLAN; LUCAS LIM; and DOES 1-14, inclusive, <br><br> Defendants. | Case No. 2:14-CV-06033-ODW-AGR <br><br> **JUDGMENT AGAINST DEFENDANTS JAVED ASHRAF, TOM MESSCHENDORP, AND LUCAS LIM** |

    On December 9, 2015, Plaintiff Lions Gate Films, Inc. ("Lions Gate") filed this action, alleging direct, contributory, and vicarious federal copyright infringement in violation of 17 U.S.C. § 501. (ECF No. 1.) On December 9, 2014, Lions Gate filed a First Amended Complaint identifying Javed Ashraf, Tom Messchendorp, and Lucas Lim as defendants. (ECF No. 45.) On November 30, 2015, the Clerk of Court entered a default as to Defendants Ashraf, Messchendorp, and Lim. (ECF No. 60.) On March 21, 2015, this Court granted Lions Gate's Motion for Entry of Default Judgment against Defendants Ashraf, Messchendorp, and Lim. (ECF No. 67.)

**Exhibit "5"**

In accordance with the Court's Order Granting Lions Gate's Motion for Default Judgment (ECF No. 67), it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Defendants Ashraf, Messchendorp, and Lim are each liable for each of the causes of action asserted against them in Lions Gate's First Amended Complaint;

2. Lions Gate shall recover from Defendant Ashraf the sum of One Hundred and Fifty Thousand Dollars ($150,000);

3. Lions Gate shall recover from Defendant Messchendorp the sum of One Hundred and Fifty Thousand Dollars ($150,000);

4. Lions Gate shall recover from Defendant Lim the sum of One Hundred and Fifty Thousand Dollars ($150,000);

5. Lions Gate shall recover from Defendants Ashraf, Messchendorp, and Lim jointly and severally the amount of Twelve Thousand Six Hundred Dollars ($12,600);

6. Lions Gate shall recover from Defendants Ashraf, Messchendorp, and Lim jointly and severally its reasonable recoverable costs to be evidenced by a bill of costs;

7. Any and all award of damages, fees, and costs against Defendants Ashraf, Messchendorp, and Lim shall accrue post-judgment interest pursuant to 28 U.S.C. § 1961;

8. Defendants Ashraf, Messchendorp, and Lim, and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, are permanently enjoined from:

    a. Hosting, linking to, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of any copy or copies of the digital file of the motion picture "The Expendables 3" that was stolen and uploaded

|   |   |
|---|---|
| 1 | to the Internet without Lions Gate's authorization or consent (the "Stolen Film") or any portion thereof in any form; |
| 3 | b. Taking any action that induces, causes or materially contributes to the direct infringement of Lions Gate's rights in the Stolen Film by any third party, including without limitation hosting, linking to or otherwise providing access to any torrent files, trackers, links (including without limitation magnet links), hash values or other instruction sets of any kind that enable users to locate or access any "swarm" or other location where any copy or copies of the Stolen Film or any portion thereof are being distributed, reproduced, performed or otherwise exploited in any form; and |
| 12 | c. Operating any of the websites identified in this Judgment, or any other website on which Lions Gate's rights in the Stolen Film are infringed. |

6. Defendants Ashraf, Messchendorp, and Lim, and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them shall deliver to Lions Gate, at Defendants Ashraf, Messchendorp, and Lim's own cost:

    a. All hard copy and electronic copies of the Stolen Film and any images from or other portions of the Stolen Film, as well as any other images or films owned by Lions Gate, or any portions or modifications thereof, within the possession, custody or control of Defendants and any of them, pursuant to an appropriate protocol for identifying and retrieving all infringing electronically stored information within the possession, custody or control of Defendants Ashraf, Messchendorp, and Lim, and each of them; and

3

      b.    Verifications executed under penalty of perjury confirming that Defendants and each of them have complied with the requirements of subparagraphs 14(a) through 15(a) above and that no copies of the Stolen Film or any portions thereof remain within their possession, custody or control.

7.    Defendants Ashraf, Messchendorp, and Lim, and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, are permanently enjoined from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein;

8.    This Court retains jurisdiction over this matter for the purposes of making any further orders necessary or proper for the enforcement of this Judgment and the punishment of any violations thereof.

**IT IS SO ORDERED.**

March 24, 2016

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

4