IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HB PRODUCTIONS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MUHAMMAD FAIZAN,<br><br>　　　　　Defendant. | CIV. NO. 19-00487 JMS-KJM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, ECF NO. 81, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, ECF NO. 75 |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION, ECF NO. 81, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, ECF NO. 75**

On June 6, 2022, Magistrate Judge Kenneth J. Mansfield issued "Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment Against Defendant Muhammad Faizan," ("F&R") ECF No. 81. The F&R has been served on all parties as of June 8, 2022, *see* ECF No. 82, and no objection has been filed by any party. Because no objection has been filed, no review is required from the court. *See Thomas v. Arn*, 474 U.S. 140, 149–152 (1986).

Nevertheless, the court has reviewed the F&R for clear error. The F&R's ultimate conclusions of Judgment and Relief are correct and contain no

error. But the court has two small changes, not affecting the ultimate decision, but that are worth clarifying for the record.

First, the F&R states that "Plaintiff's allegations are sufficient to state a claim for *direct* and contributory copyright infringement." ECF No. 84 at PageID # 848 (emphasis added). It is not entirely clear whether that statement is concluding, more broadly, that Defendant Faizan committed both direct infringement and contributory infringement actionable under United States copyright law or, more narrowly, that Defendant committed contributory infringement, predicated on third parties' committing the necessary direct infringements, actionable under United States copyright law.

The broader interpretation is incorrect, as suggested by the court's analysis in its prior order. *See HB Prods., Inc. v. Faizan*, __ F. Supp. 3d __, 2022 WL 1523604, at *10–13 (D. Haw. May 13, 2022) (reviewing allegations that Defendant had directly infringed the copyrighted work and concluding that there were no acts of direct infringement occurring in the United States, for purposes of the purposeful availment test in a personal jurisdiction analysis); *id.* at *15 n.14 (doubting the validity of Plaintiff's direct infringement claims given the holding in *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088 (9th Cir. 1994), that "United States copyright laws do not reach acts of infringement that take place entirely abroad"). In other words, for the direct infringements that were allegedly

2

committed by Defendant, those alleged infringements likely[1] occurred entirely abroad and are thus not actionable under United States copyright law. *See Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995) ("[D]efendants either initiated a potential infringement in the United States by broadcasting the Showtime signal, which contained copyrighted material, or defendants authorized people in Canada to engage in infringement. In either case, the potential infringement was only completed in Canada once the signal was received and viewed. Accordingly, U.S. copyright law did not apply . . . .").

But the narrower interpretation—i.e., Defendant committed actionable contributory infringement predicated on third parties' committing direct infringements—is correct. As the court reasoned in its prior order, Plaintiff plausibly alleges that Defendant committed significant infringement-contributing acts in the United States, and that third parties' direct infringements also occurred in the United States. *See HB Prods.*, 2022 WL 1523604, at *13–14; *see also*

---

[1] For some of the alleged direct infringements, Plaintiff failed to specify where or on what computer Defendant created directly infringing copies, facts "necessary to determine if the allegedly unlawful reproduction occurred in the United States." *See HB Prods.*, 2022 WL 1523604, at *11. The court uses the modifier "likely" because if Plaintiff were to have to litigated this case to trial (assuming an appearance and response from Defendant), Plaintiff might have been able to produce evidence demonstrating that Defendant created directly infringing copies in the United States. But, again, the allegations themselves do not support that conclusion. *See id.*

*Subafilms*, 24 F.3d at 1098 ("United States copyright laws do not reach acts of infringement that take place *entirely* abroad." (emphasis added)).

   The court thus clarifies the F&R by specifying that Plaintiff's allegations are sufficient to state a claim for contributory infringement against Defendant, predicated on sufficiently alleged acts of direct infringement by third parties. Notably, the relief granted in this case—which is approved in full—is not influenced by that clarification. *See* 17 U.S.C. § 504(c)(1)–(2) (permitting statutory damages "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, . . . as the court considers just").

   The second change is to correct a pair of typographical errors in the F&R's calculation of attorneys' fees. The court has re-run the numbers and agrees with the F&R that the adjusted total of billable hours (after appropriate reductions[2]) is "85.59." But to get to that total, the "31.14 hours" on page 25 of the F&R should be "31.11 hours." ECF No. 81 at PageID # 867. And correspondingly, on the same page, the "7.75 hours" should be "7.78 hours." *Id.*

   With those clarifications on the record, the court hereby ADOPTS the F&R as the opinion and order of this court, pursuant to Title 28, United States

---

[2] The F&R's analysis regarding reductions is well-reasoned and correct.

4

Code, Section 636(b)(1)(C) and Local Rule 74.1. The court thus GRANTS IN PART and DENIES IN PART the Motion for Default Judgment against Defendant Muhammad Faizan, ECF No. 75. Specifically, the court DENIES without prejudice Plaintiff HB Production, Inc.'s request for $4,714 in costs, GRANTS with modification Plaintiff's request for attorneys' fees, and GRANTS Plaintiff's requests for damages and injunctive relief. Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED:

(1)  Plaintiff is awarded a total of $150,000 for statutory damages;

(2)  Plaintiff is awarded a total of $22,405.75 for attorneys' fees (which includes a general excise tax of $1,008.25); and

(3)  Plaintiff is granted a permanent injunction against Defendant's continued infringement of Plaintiff's copyright in the motion picture, *Hellboy*.

DATED: Honolulu, Hawaii, June 29, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*HB Prods., Inc. v. Faizan*, Civ. No. 19-00487 JMS-KJM, Order Granting Findings and Recommendation, ECF No. 81, and Granting in Part and Denying in Part Plaintiff's Motion for Default Judgment, ECF No. 75